# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5895 | **DATE** | 3/13/03 |
| **CASE TITLE** | Trombetta vs. Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached order, the Court dismisses Counts 4 and 5 of plaintiff's amended complaint for failure to state a claim.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENEROSO TROMBETTA, )
)
Plaintiff, )
)
vs. ) No. 02 C 5895
)
BOARD OF EDUCATION, PROVISO )
TOWNSHIP HIGH SCHOOL DIST. NO. 209; )
THERESA L. KELLY; EMANUEL "CHRIS" )
WELCH; DANIEL J. ADAMS; MICHAEL J. )
CARLSON; RONALD SERPICO; and )
GREGORY T. JACKSON, )
)
Defendants. )



DOCKETED
MAR 17 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In April 2000, plaintiff Generoso Trombetta was hired by Proviso Township High School District No. 209 as the Building Manager of Proviso East High School. In April 2001, Michael Manzo, the School Board's President and Trombetta's cousin, ran against Ronald Serpico in the municipal election for Mayor of Melrose Park, with Trombetta acting as his campaign manager. Serpico won. In the same election, candidates affiliated with Manzo and Serpico ran for four open positions on the seven-member School Board. The elections resulted in an apparent 4-3 majority on the Board for those affiliated with Manzo.

In June 2001, the School Board entered into a four year employment agreement with Trombetta. Trombetta alleges, however, that Serpico and his supporters on the School Board decided to retaliate against him and others who had supported Manzo in the mayoral election. He alleges that in order to gain control of the School Board, Serpico pressured one of the Board

members aligned with Manzo to switch political allegiances by threatening to fire the member's father from his job with the Village of Melrose Park. After this Board member switched sides in November 2001, Trombetta says, the Board had a majority of Serpico sympathizers. In April 2002, Trombetta was terminated at the direction of the School Board, an action that Trombetta says that the Board took to retaliate against him for his support of Manzo.

Trombetta has filed a five-count amended complaint alleging federal claims for violation of his rights of free speech and due process of law, as well as two state law claims. In Count 4, Trombetta alleges that the termination breached his contract with the School Board, which he says entitled him to employment through July 1, 2005. He alleges in Count 5 that the individual defendants tortiously interfered with his contract with the Board. Defendants have moved to dismiss both of these claims. For the reasons stated below, the Court grants defendants' motion.

## Discussion

The defendants have moved to dismiss Counts 4 and 5 for failure to state a claim. On a motion to dismiss, the Court reads the complaint liberally, granting the motion only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Defendants argue that Trombetta's multi-year contract with the School Board is void as a matter of Illinois law. If they are correct, Trombetta's breach of contract claim fails, as does his claim of tortious interference with contract.

Under Illinois law, the general rule is that a governmental board whose members serve limited terms may not enter into a contract for a term beyond that for which the board sits. This rule dates back at least as far as *Millikin v. Edgar County*, 142 Ill. 528, 32 N.E. 493 (1892). In *Millikin,* an elected county board of supervisors employed a keeper of a poor house for a three-

2

year contract, even though the board members themselves served for one-year terms. The Illinois Supreme Court held that the contract was void. It reasoned that allowing the county board to enter into an employment contract that extended beyond its own term would deprive the county's succeeding boards of the ability to exercise authority over the county's employees and was therefore contrary to effective administration. *Id.* at 532-33, 32 N.E. at 494.

The rule of *Millikin* has since been applied by the Illinois courts to contracts adopted by both elected and appointed governmental boards. In *Deyo v. Commissioner of Highways of Sheridan*, 256 Ill. App. 3, 1930 WL 2992 (1930), *Millikin* was applied to limit the powers of highway commissioners to incur on a town's behalf debts extending beyond their term in office. 1930 WL 2992, at *3. In *Grassini v. DuPage Township*, 279 Ill. App. 3d 614, 665 N.E.2d 860 (1996), the court considered a township administrator's four year employment contract that had been approved by the township board of trustees entered into an employment contract with the plaintiff to serve as the township administrator for a four-year period. When a new board of trustees was appointed, it voted to terminate the plaintiff's contract, and the plaintiff filed suit. The court determined that the employment contract was outside the authority of the township board and was therefore void *ab initio* because "a township board may not contract persons for terms greater than the period for which the board making the decisions has left to serve." *Grassini*, 279 Ill. App. 3d at 620, 665 N.E.2d at 864.

In *Cannizzo v. Berwyn Township 708 Community Mental Health Board*, 318 Ill. App. 3d 478, 741 N.E.2d 1067 (2000), the court determined that the rule established in *Millikin* and *Grassini* extended to all governmental boards. The court concluded that a contract between the Berwyn Mental Health Board and its executive director that extended beyond the term of the township supervisor who appointed the Board's members was *ultra vires* and void *ab initio*.

3

Although the statute governing the ability of community mental health boards to make contracts imposed no limitation on the duration of those contracts, the court found that the rule of *Millikin* applied, saying that "it is contrary to the effective administration of a political subdivision to allow elected officials to tie the hands of their successors with respect to decisions regarding the welfare of the subdivision." *Id.* at 482-83, 741 N.E.2d at 1071. The court rejected the plaintiff's argument that *Millikin* should not apply because the members of the board had staggered employment terms, holding that the board's authority was limited by the term of the township supervisor who had appointed the board's members. *Id.* at 486, 741 N.E.2d at 1073.

Trombetta argues that the rule of *Millikin* does not apply to elected boards like the School Board. The Court disagrees. Trombetta cites no Illinois case drawing this distinction, and the county board in *Millikin* was an elected board. Trombetta also argues that the rule of *Millikin* does not apply to school boards because the legislature has authorized school boards to employ superintendents and principals for up to five years. *See* 105 ILCS 5/10-23.8 & 10-23.8a. But the legislature's creation of this exception to the general rule applicable in Illinois does not, in the Court's view, generally exempt school boards from *Millikin*; rather the existence of this narrow exception to the general rule created by *Millikin* suggests a legislative intent to preclude other exceptions. *Cf. State v. Mikusch*, 138 Ill. 2d 242, 250, 562 N.E.2d 168, 171 (1990) (expression of certain exceptions in a statute is construed as excluding all others).

Trombetta also notes that in *Grassini*, the court relied in part on the fact that there was a statute (part of the Illinois Municipal Code) that permitted municipalities to make employment contracts for certain specified positions for a term exceeding one year, but not for a term greater than that of the mayor or president of the municipality. *Grassini*, 279 Ill. App. 3d at 620, 665 N.E.2d at 864 (quoting 65 ILCS 5/8-1-7(b)). But the applicability of *Millikin* – which essentially

4

sets up a common law rule – does not depend on the existence of a statute; indeed in *Grassini* the court relied on *Millikin's* common law rule, citing the Municipal Code provision as reflecting that the legislature agreed with *Millikin* and had enacted a statute specifying how the principle of that case would apply to municipalities. Trombetta cites no Illinois decision, however, indicating that the applicability of *Millikin* turns on whether the legislature has specifically adopted it in a statute concerning the particular type of governmental board.

Finally, Trombetta argues that school boards are not subject to this rule, relying on *Libertyville Education Association v. Board of Education District No. 70*, 56 Ill. App. 3d 503, 371 N.E.2d 676 (1977). The Court disagrees. The *Libertyville* case dealt not with an employment contract for a particular employee, but rather with a collective bargaining agreement between a teacher's union and a local board of education. In upholding the school board's right to enter into a five-year collective bargaining agreement, the court largely relied on post-*Millikin* developments establishing the principle of tenure for teachers, as well as on the fact that the collective bargaining agreement at issue "did not purport to limit the [School] Board's authority to hire or discharge teachers." *Id.* at 505-06, 371 N.E.2d at 678-79. Thus, contrary to Trombetta's argument, this decision does not stand for a rule that school boards are exempt from the *Millikin* doctrine.

In sum, the Court concludes that the general rule against beyond-term employment contracts applies in this case. It is undisputed that Trombetta's four-year contract extended beyond the terms of the then-current members of the Board. For this reason, the School Board acted *ultra vires* when it awarded Trombetta a four year contract, and the contract was void. Count 4 is dismissed for failure to state a claim.

In Count 5, Trombetta asserts a claim of tortious interference with contract. To support a

claim of tortious interference with contract, Illinois law requires that a plaintiff establish: 1) a valid and enforceable contract between the plaintiff and another, 2) the defendant's awareness of this contractual relation, 3) the defendant's intentional and unjustified inducement of a breach of the contract, 4) a subsequent breach, caused by the defendant's wrongful conduct, and 5) damage. *See, e.g., HPI Health Care Services, Inc. v. Mt. Vernon Hospital Inc.*, 131 Ill. 2d 145, 154, 545 N.E.2d 672, 676 (1989). Trombetta cannot sustain such a claim because his four-year contract was not valid.

## Conclusion

For the reasons stated above, the Court dismisses Counts 4 and 5 of plaintiff's amended complaint for failure to state a claim.

Date: March 13, 2003

MATTHEW F. KENNELLY
United States District Judge