UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENEROSO TROMBETTA | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02-C-5895 |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| BOARD OF EDUCATION, PROVISO | ) |
| TOWNSHIP HIGH SCHOOL | ) Judge Kennelly |
| DISTRICT NO. 209, | ) Magistrate Judge Ashman |
| COOK COUNTY, ILLINOIS; | ) |
| THERESA L. KELLY; EMANUEL "CHRIS" | ) |
| WELCH; DANIEL J. ADAMS; | ) |
| MICHAEL J. CARLSON; | ) |
| RONALD SERPICO; and | ) |
| GREGORY T. JACKSON, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MOTION IN LIMINE NO. 22**
*(Daubert: Expert Damages Testimony)*

1. Defendant Serpico has listed as an expert witness, an accountant, William Metzdorff, to testify regarding "the present value of plaintiff's lost past and future income and employment benefits as a result of his termination." FPTO, Schedule 4, p. 15. His testimony regarding *future* lost earnings is not admissible.

2. Under the *Daubert* framework, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd.*, 526 U.S. 137 (1999), expert testimony such as Metzdorff's is admissible only to the extent that it is both *relevant*, meaning sufficiently tied to the facts of the case so that it will aid the trier of fact to understand or determine a fact in issue,

and *reliable*, meaning that it is grounded in trustworthy principles, methods and data.[1] Metzdorff's opinions with respect to plaintiff's *future* lost earnings fail both tests.

### Metzdorff's *Future* Lost Earnings Opinions
### Do Not Relate to Any Issue in this Case and Therefore Must Be Excluded.

3. As Mr. Metzdorff admitted at his recent deposition (March 11, 2004; copy attached hereto as Exhibit A), his estimates of plaintiff's future lost earnings assume a damages period of 32 years – from 2004 through 2035. His expert report (attached hereto as Exhibit B) does not discuss future losses for any shorter damages period. He has made no calculations for any shorter damages period. He has no opinion regarding future losses over any shorter period. Metzdorff Dep. Tr. at 37:17-40:12, 43:6-45:21.

4. Metzdorff's opinions regarding future losses must therefore be excluded. The damages period he has used for future losses (2004-2035) is not the damages period in this case. Plaintiff does not claim that he will continue to suffer diminished earnings clear through to 2035 as a result of his termination in 2001.[2] Mr. Metzdorff therefore has computed future losses based

---

[1] *Daubert*, 509 U.S. at 589-591 & n.9 ("[T]he trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable ...Proposed testimony must be supported by appropriate validation – *i.e.*, 'good grounds' ....[O]ur reference here is to *evidentiary* reliability – that is, trustworthiness ....[I]t is further require[d] that the evidence or testimony 'assist the trier of fact to understand the evidence or to determine a fact in issue.' This condition goes primarily to relevance....Th[is] consideration has been aptly described ... as one of 'fit'"); *Kumho Tire,* 526 U.S. at 149 ("[W]here such testimony's factual basis, data, principles, methods or their application are called sufficiently into question ..., the trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline.'").

[2] The appropriate duration of the damages period for an award of future lost earnings is a question of fact to be determined at trial, but plaintiff will not seek any award of future lost earnings stretching out 32 years.

2

basis for presuming they will do so in the future. Linke Declaration. Furthermore, and this is likewise dispositive, Metzdorff's report discloses no such basis. Fed. R. Civ. P. 26(a)(2) ("The report shall contain a complete statement of all opinions ... and the basis and reasons therefor").

7. Metzdorff's calculation of future lost compensation flunks, therefore, the standard of evidentiary reliability required by *Daubert*, *Kumho Tire* and the Federal Rules, and it must be excluded. Testimony based on a methodology having no valid economic basis is not admissible under *Daubert*.

8. "Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire*, 526 U.S. at 157 (quoting General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997)).

Dated: March 23, 2004

Respectfully submitted,

_____
One of the attorneys for Generoso Trombetta

Matthew J. Piers
Joshua Karsh
Juliet V. Berger-White
**GESSLER HUGHES SOCOL
PIERS RESNICK & DYM, LTD.**
70 W. Madison Street
Suite 4000
Chicago, IL 60602

4

# SEE CASE FILE FOR EXHIBITS