# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5895 | **DATE** | 4/22/2004 |
| **CASE TITLE** | Trombetta vs. Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendant's motion to reconsider their motions in limine Nos. 4 and 10 re: evidentiary and testimonial privileges based on legislative immunity, as well as their request for a continuance. The Court grants defendants' request for a "standing objection' to such testimony and their request not to be deemed to have waived the issue if they respond at trial (though the final decision on any waiver issue is, of course, up to the Seventh Circuit in the event of an appeal).

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 28 2004 | |
| | Notified counsel by telephone. | | date docketed | 178 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GENEROSO TROMBETTA, )
)
        Plaintiff, )
)
vs. ) Case No. 02 C 5895
)
BOARD OF EDUCATION, PROVISO )
TOWNSHIP HIGH SCHOOL DISTRICT 209, )
et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
APR 2 8 2004

MATTHEW F. KENNELLY, District Judge:

    Defendants Proviso Township School District 209 (the "District") and Gregory Jackson, the District's Superintendent, have filed a last-minute, eve-of-trial motion for reconsideration of the denial of two of their motions *in limine*. Though the motion was expected, its timing and certain of the relief requested was not.

    Defendants' motion was filed on the afternoon of Thursday, April 15, 2004, at which point the trial was set to begin on Tuesday morning, April 20. However, contrary to this District's Local Rules, the motion was not noticed for presentment, and it was not otherwise brought to the Court's attention. Defendants' counsel was in court after the motion was filed, seeking a brief delay in the start of the trial due to personal circumstances of another of defendants' attorneys (the Court reset the trial date by two days, to Thursday, April 22), but counsel did not mention the fact that they had filed a motion that included a request to continue the trial. Because the motion was not noticed for presentment, it did not come to the Court's

attention until mid-day on Tuesday, April 20.

For the reasons stated below, the Court denies the motion for reconsideration and the request for a continuance. Because the Court is addressing this motion on the eve of trial, we will state the reasons for the ruling succinctly and without the degree of elaboration that we would employ if defendants had acted in timely fashion.

**1.    Background**

The case involves a claim by Generoso Trombetta that he was terminated from his position as an employee of the School District in retaliation for exercising his First Amendment rights in his active support of certain candidates for election to the School Board, and for speaking out at a School Board meeting on a matter of public concern. Trombetta contends that following a School Board election, Melrose Park Mayor Ronald Serpico used his political clout in various ways to persuade a working majority of the Board to retaliate against persons, including Trombetta, who had supported candidates who opposed the interests supported by Serpico. Trombetta's position with the District was eliminated in what the defendants characterize as a "reorganization," and the Board decided not to retain him for any of the remaining positions.

Trombetta contends that the decisions that resulted in his termination were administrative, employment-related decisions, and he supports his claim with evidence that he and others on his side of the political fence were targeted by Serpico and his allies on the Board. The Board members, who were named as defendants in the case, claimed it was a legislative decision for which they were entitled to immunity from suit. On October 21, 2003, the Court denied the Board members' motion for summary judgment on the grounds of absolute legislative

immunity and qualified immunity, and also denied Superintendent Jackson's motion for summary judgment on the grounds of qualified immunity. The Board members and Jackson filed a notice of interlocutory appeal, as was their right, and sought a stay of proceedings against them pending the appeal (significantly, none of the remaining defendants asked to stay the rest of the case). On November 12, 2003, the Court entered an order denying Jackson's request for a stay, but granting the Board members a stay. The order stated, "[t]he claims against the defendants as to whom a stay has been granted are severed, and the claims against the remaining defendants will proceed to trial as scheduled" – at that point, on April 19, 2004. The District never hinted that it had any objection to proceeding to trial during the pendency of the other defendants' appeal.

In the Seventh Circuit, Jackson sought an order staying proceedings against him in the District Court. Trombetta opposed the request on the grounds that Jackson's qualified immunity claim was frivolous. After an initial temporary stay, the Seventh Circuit denied Jackson's request for a stay of proceedings in this Court concerning him, stating in an order:

> The motion for a stay of district court proceedings against appellant is DENIED. The district court may proceed with respect to defendant Gregory Jackson as it deems appropriate.

*See* Seventh Circuit Order dated Feb. 13, 2004, Case No. 03-3943.

In their present motion, the District and Jackson seek reconsideration of the Court's denial of their motions *in limine* nos. 4 and 10. In those motions, defendants sought an order barring questioning of any School Board members at trial regarding their motivations for what they characterize as the reorganization (plaintiff characterizes it as a termination of his employment) on the grounds of legislative immunity from suit, as well as any comment about

3

those motivations by Trombetta or his attorneys (motion #4), and any reference to their motives regarding the "termination" (motion #10). The justification given by defendants in the motions was bare-bones; each motion consisted of a single paragraph devoid of citation to authority. Trombetta responded, among other things, by arguing that immunity from suit is not the same as privilege against testifying. At the hearing on the motions, the Court asked defendants' counsel whether he had any authority for his claim of evidentiary privilege, and he said he had none. The Court denied the motions for reasons which have previously been spread of record and which need not be repeated here.

In their motion for reconsideration, the District and Jackson ask the Court to do four things. One of these is the same thing they asked for in the motions *in limine,* namely an order barring questioning or reference to their motives. The other three things defendants now seek have never been the subject of a prior motion or request on their part: a continuance of the trial until the interlocutory appeal of the Board members is resolved; permission, if their motion to bar evidence and argument is denied, to offer evidence of their motives without waiving their argument that this was not an appropriate subject of inquiry; and a standing objection to inquiry about motive so they do not have to interrupt the proceedings repeatedly.

2.   **Request for continuance**

The District and Jackson seek a continuance of the trial until the Board members' interlocutory appeal is concluded – an uncertain date, as the Board members have sought and obtained two extensions of time to file their brief, such that it will not be filed until mid-May barring further extensions. They suggest that the Court lacks jurisdiction to proceed while the appeal is pending and say that in any event it would be improper to do so.

4

The request is denied. First, we note that the motion was not noticed for presentment, in violation of Northern District of Illinois Local Rule 5.3(b). Under Local Rule 78.2, if a moving party delivers a motion without notice of presentment, the Court may deny the motion on its own initiative. The motion, which seeks significant relief not previously hinted at by defendants, ought to have been noticed for presentment, and because defendants failed to do so, the motion is denied.

Second, the request for continuance is also denied because it is without question untimely. The trial date was set back in October, and it was crystal clear to defendants by no later than November 12 that the Court intended to proceed with trial with any defendants as to whom a stay was not granted. Defendants did not so much as hint at that time, or indeed at any time until their last-minute motion, that they had any objection to this in the least. Second, the request for a continuance is untimely. When the Board members and Jackson took their interlocutory appeal on immunity issues, none of the defendants sought to stay the case in its entirety; rather a stay was requested only as to the defendants who had appealed. *See* Motion for a Stay, filed Nov. 7, 2003. As indicated earlier, the Court granted the stay as to the Board members, and severed the claims against them, but denied a stay as to Jackson. Before the Seventh Circuit, the defendants likewise did not seek a stay of all proceedings in this Court, but only as to Jackson (plaintiff did not challenge the stay this Court had granted to the Board members). And as indicated earlier, when the Seventh Circuit denied Jackson's motion for a stay, it specifically permitted this court to "proceed with respect to defendant Gregory Jackson as it deems appropriate." *See* Order dated Feb. 13, 2004. Again, defendants never so much as hinted that they had any problem with this state of affairs. Indeed, when they made the motions

5

*in limine* as to which they now seek reconsideration, defendants did not ask for a stay or continuance of the trial; rather they simply sought an evidentiary bar.

In sum, the Court made it clear as long ago as November 12, 2003 that we intended to proceed to trial as to the remaining defendants. That was more than five months ago. A request for a continuance made on the eve of trial, based on reasons that, assuming their merit, were as obvious in November as they are now, comes far too late in the day.

Finally, even were defendants' request for a continuance timely, it would be without merit. As indicated earlier, defendants suggest that this Court lacks jurisdiction due to the interlocutory appeal, but this is plainly incorrect. The law is clear that a suspension of proceedings due to a particular defendant's immunity-related appeal does not operate as a stay on the remainder of the case, at least so long as the rest of the case is properly severed. The Seventh Circuit has recently recognized that the divestiture of jurisdiction that applies following an interlocutory appeal on immunity grounds is "limited" and that the trial court "has authority to proceed with portions of the case "not related to the claims on appeal, such as claims against other defendants." *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000).

There may be, as the court indicated in *May,* prudential reasons why a trial court may not wish to proceed with trial as to non-immune defendants when other defendants have a pending appeal. In that case, the court cited to *Monfils v. Taylor,* 165 F.3d 511, 519 (7th Cir. 1998), upon which defendants also rely in their motion for reconsideration. But the considerations that were at issue in *Monfils* do not apply in this case, at least not to any significant extent. First, the Court has no intention of submitting to the jury in this case special interrogatories asking them to determine if any particular Board member violated the constitution, a key problem

identified by the Seventh Circuit in *Monfils*. And in this case unlike in *Monfils*, determination of the District's liability will not necessarily be based on the conduct of any particular Board member, or even on the conduct of any Board member at all: Jackson, who has no pending immunity appeal, remains as a defendant in the case. In sum, unlike in *Monfils*, the Court has been given no persuasive reason why the rest of the case should await the appeal's termination. Thus even if defendants' request for a continuance were timely, it would be without merit. (The Court again notes that the Seventh Circuit approved ongoing proceedings in this Court by expressly permitting this Court to proceed with the case with regard to Jackson.)

3. **Evidentiary privilege**

Defendants' request to preclude any inquiry or mention of their motives amounts to a request for entry of summary judgment. Were the Court to grant what defendants request, the case would be over. A claim of retaliation for the exercise of First Amendment rights requires the plaintiff to prove that he suffered adverse action *because of* his exercise of protected rights, or, to put it another way, that "the defendants' actions [were] *motivated by* [the plaintiff's] constitutionally protected speech." *See, e.g., Vukadinovich v. Board of School Trustees of North Newton School Corp.*, 278 F.3d 693, 699 (7th Cir. 2002). The plaintiff cannot conceivably prevail without introducing evidence of, and arguing, the motivation of those who made the decision he attacks – in this case, Superintendent Jackson, Mayor Serpico, and the Board as a whole. Thus if defendants prevail on their motion for reconsideration, they are entitled to judgment in their favor.

This request amounts to a motion for summary judgment which is not made in timely fashion. The Court set a deadline – August 21, 2003 – for dispositive motions. The District and

Jackson made a motion for summary judgment which included numerous arguments, but none along the lines of what they now argue – in other words, there was no argument that the District was entitled to get off the hook because the Board members' motives could not be probed. Nor did they such a contention in their motion *in limine*. Made at this late date, the request is untimely.

There is another significant reason why defendants' claim is without merit. The District and Jackson argue that the Board members' legislative role entitles them to a testimonial privilege against inquiry about their reasons for acting. Even were this a viable claim, it is beyond question that the Board members have waived any such privilege. Each of the Board members appeared, without objection, for a deposition (nearly a year ago) and testified fully and completely about all of the events surrounding the termination / reorganization, including inquiries about their motives in acting as they did. If a testimonial privilege existed, it existed when the depositions were taken. Yet the Board members testified at their depositions about their reasons for acting, and they made no effort to seek a protective order barring inquiries about their reasons for acting as they did.[1] Evidentiary privileges can be waived; defendants offer no authority to suggest that this is not so of the purported legislative privilege. Indeed, the authorities that the Court has uncovered on the short notice given by defendants establish that such a privilege is waivable and is waived if the purported legislator testifies, at a deposition or otherwise, on supposedly privileged matters. *See Alexander v. Holden,* 66 F.3d 62, 68 n.4 (4th Cir. 1995) (legislative privilege waived by testimony at deposition); *Virgin Islands v. Lee,* 775

---

[1] In addition, plaintiffs' response to defendants' motion for summary judgment, filed last fall, put the focus on the Board members' reasons for acting; this, too, went unobjected to by the defendants.

8

F.2d 514, 520 n. 7 (3rd Cir. 1985) (same); *Marylanders for Fair Representation v. Schaefer*, 144 F.R.D. 292, 298 (D. Md. 1992) (same).

Finally, other than citing a plethora of cases, most of them either state-law decisions or non-controlling decisions of other district courts, defendants have made no effort to focus the Court in on any cases like this one in which the decision under attack is an employment-related decision by a public body and the plaintiff's claim is one that, as noted earlier, *requires* inquiry into the motivating factors for the decision. Based on our quick review, most of the cases appear to concern zoning matters, not the termination of a person's employment. If the purported evidentiary privilege proposed by the District and Jackson barred inquiry into the motivations of the members of a public entity that made employment decisions, it effectively would amount to a grant of immunity not just to the entity's individual members, but to the entity as a whole. If accepted, this would not only contravene *Owen v. City of Independence,* 445 U.S. 622 (1980), in which the Supreme Court held that municipal bodies sued under 42 U.S.C. § 1983 are not entitled to the immunities from suit available to government officials, but would also effectively abrogate prohibitions against employment discrimination (Title VII, the ADEA, the ADA) for any municipal body whose "legislative" members are given decision making authority over employment matters. Defendants have marshaled no support for such a sweeping rule. In particular, one of the Supreme Court cases they cite and the single Seventh Circuit case they cite concerned immunity from suit, not testimonial privilege. *See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 404-06 (1979); *Scott v. Schmidt,* 773 F.2d 160 (7th Cir. 1985). The other Supreme Court case they cite, *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252, 268 (1977), says only that "[i]n some

extraordinary instances the members [of a legislative body] might be called to the stand at trial to testify concerning the purpose of the official action, although even then such testimony frequently will be barred by privilege"; it does not describe the circumstances in which such testimony is or is not appropriate and thus is of no assistance to defendants.

**Conclusion**

For the reasons stated above, the Court denies defendants' motion to reconsider their motions *in limine* Nos. 4 and 10 re: evidentiary and testimonial privileges based on legislative immunity, as well as their request for a continuance. The Court grants defendants' request for a "standing objection" to such testimony and their request not to be deemed to have waived the issue if they respond at trial (though the final decision on any waiver issue is, of course, up to the Seventh Circuit in the event of an appeal).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 22, 2004